**Clarence C. HOUSER, Jr., Appellant**

v.

**POSTMASTER GENERAL OF
the UNITED STATES.**

No. 14–1027.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 25, 2014.

Opinion Filed: July 28, 2014.

Clarence C. Houser, Jr., Monroeville,
PA, pro se.

Robert L. Eberhardt, Esq., Rebecca R.
Haywood, Esq., Office of United States
Attorney, Pittsburgh, PA, for Postmaster
General of the United States.

Before: FISHER, VANASKIE and
ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Clarence C. Houser, Jr., appeals from
an order of the United States District
Court for the Western District of Pennsyl-
vania, which granted the Defendant's mo-
tion to dismiss his complaint (the "second
lawsuit"). We will affirm the District
Court's judgment.

Houser was formerly employed by the
United States Postal Service. In 2009,
while still employed, Houser filed a lawsuit
(the "first lawsuit") against the Postmaster
General ("the Defendant"), alleging that
the Defendant discriminated against him
and retaliated against him based on inju-
ries he incurred in August 2007 and April
2008. The District Court granted the De-
fendant's motion to dismiss Houser's
claims of age discrimination, slander, and
retaliation, but allowed his claims under
the Rehabilitation Act to proceed. The
District Court later granted Defendant's
motion for summary judgment on the Re-
habilitation Act claims, finding that Houser
did not suffer from a "disability" as de-
fined in the Act, and that he failed to show
that the Defendant required him to per-
form work beyond his medical restrictions.
Houser did not appeal.

Four months after he filed the first law-
suit, Houser was terminated from his posi-
tion for "willful misconduct" and violations
of work rules. In July 2012, a little over
three years later, Houser filed this second
lawsuit. Houser filed an original com-
plaint, two amended complaints, and other
motions and responses containing factual
allegations and statutory citations. The
District Court generously considered all of
Houser's filings, despite their procedural
shortcomings, in granting Defendant's mo-
tion to dismiss.[1] Applying plenary review,
see *Phillips v. County of Allegheny*, 515
F.3d 224, 230 (3d Cir.2008), we find no
error in the District Court's judgment.

We agree with the District Court that
many of Houser's claims are barred by res
judicata, as they were raised, or could have

---

1. The original complaint consisted of two sen-
tences, with an attached May 23, 2012 deci-
sion from the United States EEOC, Office of
Federal Operations, denying Houser's motion
for reconsideration of its October 25, 2011
decision. The First Amended complaint con-

tained two paragraphs; the Second Amended
Complaint consisted of two pages. Houser's
subsequent filings continued to add claims
and name additional federal statutes that he
believed had been violated.

been raised, in the first lawsuit. *See Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 173 (3d Cir.2009). We further agree, nonetheless, that Houser's filings consist of (1) claims that are untimely, *e.g.,* (a) his claims under the Family Medical Leave Act; *see* 29 U.S.C. § 2617(c)(1) & (2); *see also Nevada Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 739–40, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003), (b) his claims of a violation of the labor agreement with the National Association of Letter Carriers ("NALC"), *see DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); (2) claims that are unexhausted, *e.g.,* his claims of disability discrimination, *see Wilson v. MVM, Inc.,* 475 F.3d 166, 174 (3d Cir. 2007); or (3) allegations that otherwise fail to state a claim upon which relief may be granted, *e.g.,* his claims referring to "color of law," "the Whistle Blower Act," OSHA, and FELA (no allegations in his filings relate to these statutes); his age discrimination and retaliation claims (the pleadings do not make any reference to allegations that raise a reasonable expectation that discovery would reveal that he was treated differently because of his age, nor that he engaged in any protected activity that resulted in retaliation), *see Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir.2009); *see also Slagle v. Cnty. of Clarion,* 435 F.3d 262, 265 (3d Cir.2006); and his claims of a violation of the agreement with the NALC (filings contain no allegation of a breach of duty by union), *see generally* 39 U.S.C. § 1208(b); *see also Yeftich v. Nav-*

istar, *Inc.,* 722 F.3d 911, 914 (7th Cir. 2013).[2]

For essentially the same reasons cited by the District Court, we will affirm the District Court's judgment.[3]

---

**2.** "Although 39 U.S.C. § 1208(b) grants federal courts jurisdiction [over] disputes arising under collective bargaining agreements executed by the [Postal Service], § 1208(b) is the analogue to section 301(a) of the Labor Management Relations Act, and the law under § 301 is fully applicable to suits brought under § 1208(b)." *See Gibson v. United States Postal Serv.,* 380 F.3d 886, 889 n. 1 (5th Cir.2004).

**3.** · Houser filed a "Supplemental Brief" in our Court without seeking leave to do so. We have received it for our information only, but note that the arguments contained therein make no difference to our decision, as they do not change our conclusion that his FMLA claims were untimely and that he failed to state a claim with regard to any discrimination claims.